IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Francis Xavier Maloney, III,          )
                                      )     C.A. No. 8:11-381-HMH
                 Plaintiff,           )
                                      )
         vs.                          )     **OPINION & ORDER**
                                      )
Duke Energy Carolinas, LLC,           )
                                      )
                 Defendant.           )

This matter is currently before the court on Duke Energy Carolinas, LLC's ("Duke Energy") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, Duke Energy's motion to dismiss is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

According to the complaint, Plaintiff Francis Xavier Maloney, III ("Maloney") suffered serious injuries after falling from a rope swing that was located on property "on the shore" of Lake Keowee. (Compl. ¶ 8.) Maloney alleges that "[a]t some point in time prior to June 22, 2010, a person or persons unknown to the Plaintiff placed a rope in a tree on the shore of the lake which was used by visitors to the lake to swing out into the lake." (Id. ¶ 8.) Maloney submits that Duke Energy, the owner of Lake Keowee, was negligent in that it was "aware of this latent dangerous condition, knew that visitors used the rope to swing out, and knew a visitor had suffered injuries at the location in the past and others were also likely to suffer injuries as [a] result of same." (Id. ¶ 10.) Further, Maloney alleges that Duke Energy "failed to take any action

1

to remove this latent defect, [and] failed to take any action to warn of it and the dangers it presented." (Id. ¶ 11.)

On March 17, 2011, Duke Energy moved to dismiss the complaint on the basis that Maloney's claims are barred by (1) "The South Carolina Recreational Use Statute;" (2) "The Open and Obvious Danger Rule;" (3) "The Assumption of the Risk Doctrine;" and (4) the Plaintiff's failure to plead "that the land on which the rope swing was located, and hence the rope swing itself, was either owned or controlled by Duke." (Def. Mem. Supp. Mot. Dismiss 2-3.) Maloney filed a memorandum in opposition to Duke Energy's motion on April 4, 2011. Duke Energy filed a reply on April 8, 2011. This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. While a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although the court must consider all well-pled factual allegations in a

complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." Id.

The court has reviewed the arguments and the record in this case, and finds that, at the motion to dismiss stage, the court is constrained to deny the motion. Maloney has adequately pled a claim for negligence against Duke Energy. Further, application of the Recreational Use Statute, assumption of the risk, and open and obvious hazard cannot be determined based on the pleadings alone. There are exceptions to the Recreational Use Statute, and the application of the statute in this case cannot be determined based solely on the allegations of the complaint. S.C. Code Ann. § 27-3-60(a) (exception for gross negligence). In addition, "[i]t is well-settled that assumption of the risk is an affirmative defense which the defendant bears the burden of proving." Cole v. S.C. Elec. & Gas, Inc., 608 S.E.2d 859, 863 (S.C. 2005). Moreover, since the adoption of the comparative negligence doctrine, a "plaintiff is not barred from recovery by the doctrine of assumption of risk unless the degree of fault arising therefrom is greater than the negligence of the defendant." Davenport v. Cotton Hope Plantation Horizontal Prop. Regime, 508 S.E.2d 565, 573-74 (S.C. 1998). Finally, the open and obvious nature of the alleged defect cannot be determined based on the complaint alone as liability is based on the landowner's "superior knowledge of the danger that causes the . . . injuries. If that superior knowledge is lacking, as when the danger is obvious," the landowner is not liable. Larimore v. Carolina Power & Light, 531 S.E.2d 535, 540 (S.C. Ct. App. 2000). Based on the foregoing, the court denies Duke Energy's motion to dismiss.

It is therefore

**ORDERED** that Duke Energy's motion to dismiss, docket number 5, is denied.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
April 8, 2011